Edward J. Allen, Pro Se
P.O. Box 3584
Seal Beach, California 90740
Telephone: (562) 810-5317
Facsimile: (562) 439-4080

Plaintiff in Pro Se

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD ALLEN, an individual, *pro se*, <br><br> Plaintiff, <br><br> v. <br><br> THE GHOULISH GALLERY, an entity of unknown form; TIM TURNER, an individual, APRIL TURNER, an individual, and DOES 1 through 10, inclusive, <br><br> Defendants. | CASE NO.: 06CV 0371 : NLS <br><br><br> PLAINTIFF'S OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION |
| TIM TURNER, an individual, and APRIL TURNER, an individual, dba THE GHOULISH GALLERY, <br><br> Counter-Claimants, <br><br> v. <br><br> EDWARD ALLEN, an individual, *pro se*, <br><br> Counter-Defendant. | |

Plaintiff Edward Allen, *pro se,* submits this Opposition to Motion for Preliminary Injunction filed by Defendants' counsel, Jennifer C. Terry on March 20th, 2007.

## INTRODUCTION

On February 16th, 2006, I filed suit against the Defendants in an attempt to seek relief from various Unfair Business Practices employed by them against me and my business "Haunted Memories Changing Portraits." My company has suffered a considerable loss of stature in the Haunt Industry due to repeated false insinuations and accusations made against me by Mr. Turner and his agents, as well as through the on-going dissemination of false and/or misleading information through Defendants' advertisements and website for their changing portrait business, "The Ghoulish Gallery"(www.theghoulishgallery.com).

## STATEMENT OF FACTS

Defendants have falsely (and hypocritically) alleged that I have engaged in various acts of wrongdoing -- several of which they themselves are actually guilty of -- both in the past and the present. They have drafted a "Motion for Prelminary Injunction" (the "Motion") that relies heavily on misleading statements and half-truths, as well as outright fabrications and seeks to unilaterally enjoin me from engaging in actions which they allege are harmful toward the Defendants and their competing changing portrait business. Their allegations of my prior misconduct are outlined in detail in their original counter-complaint, as well as in their currently filed "Motion for Preliminary Injunction" and Defendant Tim Turner's "Declaration In Support of Motion for Preliminary Injuction."

Rather than relisting and refuting each and every one of the voluminous claims contained therein, in a good faith effort to help to expedite a ruling on this particular matter, I move to oppose their latest Motion with the following arguments.

## ARGUMENTS

I. DEFENDANTS' "MOTION FOR PRELIMINARY INJUNCTION" IS UNTIMELY

Section 7 of the "Scheduling Order" issued by Magistrate Judge Storms clearly states: "All other pretrial motions must be filed on or before March 14th, 2007." Defendants' original "Motion for Preliminary Injunction" was filed (and subsequently vacated) on March 14th, 2007, after which

a revised version was then filed *six days past the deadline* on March 20th, 2007.

Since the Defendants' counsel failed to request an extension of the filing date, which would have permitted them to re-submit this motion at this later hour, this re-filed motion is untimely and should be denied on those grounds alone.

II. PLAINTIFF AND DEFENDANTS HAVE TENTATIVELY AGREED TO A NEW JOINT STIPULATION WHICH WOULD REPLACE AND/OR SUPERCEDE THIS MOTION.

In the event that the Court still finds it proper to consider (and possibly grant) the Defendants' "Motion for Preliminary Injunction," I respectfully request the court to first consider the following new facts:

On the afternoon of May 7th, 2007, Defendants' counsel Jennifer C. Terry and I continued our prior discussion of mutual revisions to a proposed "Joint Motion and Stipulation for Preliminary Injunction." (This agreement was offered to me by Ms. Terry the week before, on or about May 2nd, 2007). She indicated that she had spoken with the Defendants and conveyed to me that they had agreed to comply with several of the provisions that I submitted.  As a sign of good faith -- and out of respect for Judge Storms' earlier request for a compromise between the parties on this matter -- I agreed to comply with several of the Defendants' provisions, as well.  Ms. Terry then revised and submitted (via e-mail) a final draft of this document (A true and correct copy of this "Proposed Joint Motion and Stipulation for Preliminary Injunction" is attached).

However, due to time constraints and the late hour in the day at which the agreement was finally reached, no signed copies were provided for me to sign and agree to. Thus, in an effort to ensure my right of opposition before the deadline to oppose the currently-filed Motion expires, I am filing this opposition. It will remain in effect unless and until such time that this latest draft of the "Joint Stipulation for Preliminary Injunction" is signed by all the pertinent parties and filed with the court.

**CONCLUSION**

Although it may appear adversarial, this opposition is brought in good faith to preserve my rights in the absence of a jointly-signed and filed superceding Motion.  Unless and until such time that

**PLAINTIFF'S OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION**

1  Defendants and all parties have actually signed and filed the aforementioned newly-drafted "Joint
2  Motion and Stipulation for Preliminary Injunction," I maintain my opposition to the current
3  "Motion for Preliminary Injunction" on all of the aforementioned grounds and request that this
4  Preliminary Injunction be DENIED.

6  DATED: May 7th, 2007

                                               By    s/ EDWARD J. ALLEN/s
                                                             Plaintiff, Attorney in Pro Per

**PLAINTIFF'S OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION**

Edward J. Allen, Pro Se
P.O. Box 3584
Seal Beach, California 90740
Telephone: (562) 810-5317
Facsimile: (562) 439-4080

Plaintiff in Pro Se

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD ALLEN, an individual, *pro se*,<br><br>　　Plaintiff,<br><br>v.<br><br>THE GHOULISH GALLERY, an entity of unknown form; TIM TURNER, an individual, APRIL TURNER, an individual, and DOES 1 through 10, inclusive,<br><br>　　Defendants.<br>――――――――――――――――<br>TIM TURNER, an individual, and APRIL TURNER, an individual, dba THE GHOULISH GALLERY,<br><br>　　Counter-Claimants,<br><br>v.<br><br>EDWARD ALLEN, an individual, *pro se*,<br><br>　　Counter-Defendant. | CASE NO.: 06CV 0371 : NLS<br><br><br>PLAINTIFF'S OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION |

　　Plaintiff Edward Allen, *pro se,* submits this Opposition to the "Motion for Preliminary Injunction" filed by Defendants' counsel, Jennifer C. Terry on March 20th, 2007.

## INTRODUCTION

On February 16th, 2006, I filed suit against the Defendants in an attempt to seek relief from various Unfair Business Practices employed by them against me and my business "Haunted Memories Changing Portraits."  My company has suffered a considerable loss of stature and business in the Haunt Industry due to repeated false insinuations and accusations made against me by Mr. Turner and his agents, as well as through the on-going dissemination of false and/or misleading information through Defendants' advertisements and website for their changing portrait business, "The Ghoulish Gallery"(www.theghoulishgallery.com).

## STATEMENT OF FACTS

Defendants have falsely alleged that I and/or my agents have engaged in various acts of wrongdoing, both in the past and the present.  They have drafted a "Motion for Prelminary Injunction" (the "Motion") that relies heavily on misleading statements and half-truths, as well as outright fabrications, and which seeks to unilaterally enjoin me from engaging in actions which they allege are harmful toward the Defendants and their competing changing portrait business. Examples my alleged misconduct are outlined in detail in their original counter-complaint, as well as in their currently filed "Motion for Preliminary Injunction" and Defendant Tim Turner's "Declaration In Support of Motion for Preliminary Injuction."

Rather than relisting and refuting each and every one of the voluminous claims contained therein, in a good faith effort to help to expedite a ruling on this particular matter, I move to oppose their latest Motion with the following points and arguments.

## ARGUMENTS

I. DEFENDANTS' "MOTION FOR PRELIMINARY INJUNCTION" WAS UNTIMELY

Section 7 of the "Scheduling Order" issued by Magistrate Judge Storms clearly states: "All other pretrial motions must be filed on or before March 14th, 2007."  Defendants' original "Motion for Preliminary Injunction" was filed (and subsequently vacated) on March 14th, 2007, after which a revised version was then filed *six days past the deadline* on March 20th, 2007.

**PLAINTIFF'S OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION**

1  Since the Defendants' counsel failed to request an extension of the filing date (a remedy
2  which would have permitted them to re-submit this motion at this late date) this re-filed motion is
3  untimely and should be denied on those grounds alone.

4

5  II. PLAINTIFF AND DEFENDANTS HAVE TENTATIVELY AGREED TO A NEW JOINT
6  STIPULATION WHICH WOULD REPLACE AND/OR SUPERCEDE THIS MOTION.

7  In the event that the Court still finds it proper to consider (and possibly grant) the
8  Defendants' "Motion for Preliminary Injunction," I respectfully request the court to first consider
9  the following new facts:

10  On the afternoon of May 7th, 2007, Defendants' counsel Jennifer C. Terry and I continued
11  our prior discussion of mutual revisions to a proposed "Joint Motion and Stipulation for Preliminary
12  Injunction." (This agreement was offered to me by Ms. Terry the week before, on or about May
13  2nd, 2007). Terry indicated that she had spoken with the Defendants and conveyed to me that they
14  had agreed to comply with several of the provisions that I submitted. As a sign of good faith -- and
15  out of respect for Judge Storms' earlier request for a compromise between the parties on this matter
16  -- I agreed to comply with several of the Defendants' provisions, as well. Ms. Terry then revised
17  and submitted (via e-mail) a final draft of this document (A true and correct copy of this "Proposed
18  Joint Motion and Stipulation for Preliminary Injunction" is attached).

19  However, due to time constraints and the late hour in the day at which the agreement was
20  finally reached, no signed copies were provided for me to sign and agree to. Thus, in an effort to
21  ensure my right of opposition before the deadline to oppose the currently-filed Motion expires, I am
22  filing this opposition. I request that it will remain in effect unless and until such time that this latest
23  draft of the "Joint Stipulation for Preliminary Injunction" is signed by all the pertinent parties
24  (myself included) and then filed with and approved by the Court.

25  **CONCLUSION**

26  This opposition is brought in good faith to preserve my rights in the absence of a signed and
27  filed superceding "Joint Motion and Stipulation for Preliminary Injunction." Unless and until such
28  time that Defendants and all parties have actually signed and filed the aforementioned newly-

**PLAINTIFF'S OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION**

1 drafted "Joint Motion and Stipulation for Preliminary Injunction," I maintain my opposition to the
2 current "Motion for Preliminary Injunction" on all of the aforementioned grounds and respectfully
3 request that the Defendants' current request for Preliminary Injunction be DENIED.

5 I also respectfully request that the Court grant me leeway to file this on May 8th, 2007 due
6 to unexpected technical difficulties I encountered while attempting the required PDF file
7 conversion in the late hours of May 7th, 2007, which was the deadline for any opposition to be
8 filed.

10 DATED: May 8th, 2007

11 By   s/ EDWARD J. ALLEN/s
12                Plaintiff, Attorney in Pro Per