1
2
3
4
5
6
7

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| EDWARD ALLEN, an individual, | ) | Civil No. 06cv371 NLS |
| Plaintiff, | ) ) | **ORDER (1) GRANTING** |
| v. | ) ) | **DEFENDANTS' MOTION TO COMPEL AND (2) DENYING DEFENDANTS'** |
| THE GHOULISH GALLERY, an entity of unknown form; TIM TURNER, an individual, APRIL TURNER, an individual, and DOES 1 through 10, inclusive, | ) ) ) ) | **REQUEST FOR LEAVE TO FILE REPLY BRIEF AS MOOT** [Doc. No. 21] |
| Defendants. | ) ) | [Doc. No. 54] |
| TIM TURNER, an individual, APRIL TURNER, an individual, dba THE GHOULISH GALLERY, | ) ) ) ) ) | |
| Counterclaimants, | ) ) | |
| v. | ) ) | |
| EDWARD ALLEN, an individual, | ) ) | |
| Counterdefendant. | ) ) ) | |

/ / /

/ / /

/ / /

/ / /

/ / /

1                                                                                    06cv371 NLS

*Introduction*

When defendants originally filed this motion, they sought (1) to compel plaintiff to supplement responses to specific interrogatories; (2) to find that plaintiff had waived objections to the interrogatories and document requests; and (3) attorney's fees. After defendants filed the motion the Court ordered counsel for the parties to meet and confer in person. The parties then informed the Court that they had resolved their discovery dispute except for the issue of waiver.

The *only* issue now before the Court is whether plaintiff waived his objections, including those based on work product and privilege, in response to Tim Turner's first set of special interrogatories, April Turner's first set of special interrogatories and defendants' first and second demands for production and inspection of documents. This Court finds that plaintiff waived his objections and **GRANTS** defendants' motion with respect to the issue of waiver [Doc. No. 21], and **DENIES AS MOOT** defendants' request for leave to file a reply brief in support of this motion [Doc. No. 54].

*Relevant Facts*

On October 13, 2006 defendants served on plaintiff (1) Tim Turner's first set of special interrogatories; (2) April Turner's first set of special interrogatories; and (3) defendants' first demand for production and inspection of documents. The responses to all three requests were due November 16, 2006.

For over three months plaintiff never sent a *written* response or request for extension of time to defendants regarding the propounded discovery. *See generally* Defs.' P. & A.& Becker Decl. ¶ 6. Plaintiff alleges that defendants' counsel Jennifer Terry granted his former counsel, Matthew Becker, a verbal extension of time to respond. Becker Decl. ¶ 4. According to the alleged verbal agreement, plaintiff would respond to the discovery once defendants supplemented responses to the discovery plaintiff propounded to them on September 19, 2006. Becker Decl. ¶¶ 4-5. But Mr. Becker never confirmed the agreement in writing, and defendants' counsel denies any memory or acknowledgment of the verbal agreement. Becker Decl. ¶ 6.[1]

///

---

[1] Mr. Becker had sent a meet and confer letter to defendants' counsel on December 5 regarding defendants' failure to supplement their discovery responses, but never confirmed or otherwise mentioned the verbal agreement. Becker Decl. ¶ 5, Ex. C.

1  After not having received any written response to the discovery, defendants' counsel sent a meet
2  and confer letter to Mr. Becker on January 8, 2007, demanding that plaintiff respond to the
3  discovery–without objections–by January 15. Borlund Decl. ¶ 4, Ex. 1. Plaintiff served his
4  responses–with objections–on January 19. Borlund Decl. ¶ 5, Exs. 2, 3, 4.

5  Defendants served a second demand for production of documents on January 12. Borlund Decl.
6  ¶ 6, Ex. 5. Plaintiff has never responded to or requested an extension of time to respond to this second
7  request. Borlund Decl. ¶ 6. On February 22, defendants' counsel sent a meet and confer letter to Mr.
8  Becker inquiring about this second demand. Borlund Decl. ¶ 7, Ex. 6. After a telephonic meet and
9  confer session and more exchanged letters, the parties did not resolve any of their discovery issues.
10 Borlund Decl. ¶¶ 8-9, Ex. 7; Becker Decl. ¶¶ 9-10, Ex. D.

11 Following a settlement conference with the Court on March 26, the parties met and conferred
12 regarding the issues in this discovery motion. They resolved all issues except for the issue of waiver.
13 Then, plaintiff served amended discovery responses to Tim Turner's special interrogatories and April
14 Turner's special interrogatories on April 13 . Becker Decl. ¶¶ 12-13, Ex. E. The responses virtually
15 eliminate all objections. Becker Decl. ¶¶ 12-13, Ex. E.

16 *__Discussion__*

17 **The Interrogatories.**

18 Federal Rule of Civil Procedure 33(b)(4) states that "Any ground not stated in a timely objection
19 is waived unless the party's failure to object is excused by the court for good cause shown." Here,
20 plaintiff failed to timely object to the two sets of interrogatories and did not set forth any good cause as
21 to why he failed to object. Neither could he confirm to the Court that defendants had granted him an
22 extension of time to respond. The Court, however, notes that plaintiff has already served amended
23 responses to the interrogatories, and these responses eliminate most of plaintiff's belated objections.
24 Further, according to plaintiff's former counsel, plaintiff is not withholding any evidence or information
25 based on the written discovery responses. Becker Decl. ¶ 13.

26 Based on these facts, the Court **FINDS** that plaintiff has waived his objections to both sets of
27 interrogatories, **STRIKES** the remaining objections stated in plaintiff's amended responses of April 13,
28 and **FINDS** that plaintiff need not supplement those responses any further.

**The Document Requests.**

Rule 34(b) states that a party "shall serve a written response within 30 days after the service of the request" for production of documents. Failing to timely respond to document requests waives a party's objections, including those based on privilege and work product, to the discovery requests. *See Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992).

Again, plaintiff failed to object to the two document requests and could not confirm to the Court that defendants had granted him an extension of time to respond. It appears to the Court that Plaintiff has not served amended responses to the first set of document requests and has not served any response to the second set of document requests. Therefore, if plaintiff has not already done so, the Court **ORDERS** that by *May 23, 2007*, plaintiff shall: (1) supplement his responses to the first set of document requests without objections and provide all documents that were previously withheld on the basis of objections, or if no documents were withheld, provide defendants with a declaration to that effect; and (2) provide responses without objections to the second set of document requests, including all responsive documents.

**IT IS SO ORDERED.**

DATED:  May 21, 2007

_____
Hon. Nita L. Stormes
U.S. Magistrate Judge