**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| EDWARD ALLEN, an individual, ) | Civil No. 06cv371 NLS |
| ) Plaintiff, ) | **ORDER GRANTING PLAINTIFF'S *EX PARTE* APPLICATION TO WITHDRAW ADMISSIONS** |
| v. ) | |
| ) THE GHOULISH GALLERY, an entity of ) unknown form; TIM TURNER, an individual, ) APRIL TURNER, an individual, and DOES 1 ) through 10, inclusive, ) | [Doc. No. 70] |
| ) Defendants. ) | |
| ) TIM TURNER, an individual, APRIL ) TURNER, an individual, dba THE ) GHOULISH GALLERY, ) | |
| ) Counterclaimants, ) | |
| v. ) | |
| ) EDWARD ALLEN, an individual, ) | |
| ) Counterdefendant. ) | |

/ / /

/ / /

/ / /

/ / /

/ / /

Plaintiff Edward Allen filed an application to withdraw admissions to defendants Tim Turner's and April Turner's separate requests for admission. Defendants oppose the motion and ask the Court–if it grants the motion–to reopen discovery. For the following reasons, the Court **GRANTS** Plaintiff's *ex parte* application and deems the admissions withdrawn and **DENIES** defendants' request to reopen discovery.

## RELEVANT FACTS

### The RFAs.

Tim Turner served his first requests for admission (RFAs) on October 13, 2006. Allen Decl. ¶ 2. He served amended RFAs, and April Turner served her own RFAs, on October 30, 2006. Allen Decl. ¶¶ 2-3. At around the same time defendants had also served requests for production and interrogatories. *See generally* May 21, 2007 Ord. Granting Defs.' Mtn. to Compel [Doc. No. 55] (May 21 Order). Plaintiff responded to both RFAs, the requests for production and the interrogatories in January 2007. *Id.*; Allen Decl. Ex. C, Proof of Service.

Between the time of propounding and responding to the discovery, the parties' counsel engaged in numerous conversations regarding the adequacy of each others' discovery responses and due dates. Pl.'s Ps. & As. p.2, ll.19-24; *see also* May 21, 2007 p.2, ll.18-25. Plaintiff's prior counsel–Matthew Becker–believed that defendants' counsel had granted him an extension to respond to all the propounded discovery. Pl.'s Ps. & As. p.2, ll.22-24. Defendants disagreed, and on March 14 filed a motion to compel plaintiff's discovery responses to the requests for production and interrogatories. [Doc. No. 21.] The RFAs were not at issue in the March 14 motion to compel.

### Plaintiff's Untimely Responses.

The Court delayed ruling on the motion to compel pending settlement discussions. When the parties decided to continue litigating, the Court ordered counsel to personally meet and confer on the motion to compel. [Doc. No. 33.] The parties resolved many of the discovery issues themselves. The Court had to decide only the issue of whether plaintiff waived his objections by serving untimely responses to the requests for production and interrogatories. On April 19, the parties jointly moved to continue the hearing and opposition dates for the motion to compel. [Doc. No. 42.] On April 20 the Court granted that motion and continued the hearing date to May 14.

1    On April 27, plaintiff substituted in for Matthew Becker as his own counsel.

2    Plaintiff, then proceeding *pro se*, opposed the motion to compel.  On May 21, the Court
3 determined that plaintiff had waived his objections to the requests for production and interrogatories
4 because his counsel never procured written confirmation of an extension of time to respond.  May 21
5 Order p.3, 26-28; p.4., ll.6-14.  The Court ordered plaintiff to respond to the requests for production and
6 interrogatories without objections.  *Id.*

7 **Discovery.**

8    Discovery closed on February 12, 2007.  But on April 16 the Court reopened discovery for the
9 limited purpose of allowing defendants to complete plaintiff's deposition. [Doc. No. 35.]  Defendants
10 deposed plaintiff on February 2 and May 22, 2007.  Allen Decl. ¶ 5.

11 **Defendants' Intent to Use the Admissions.**

12    Plaintiff says he first learned of defendants' intent to use plaintiff's admissions on July 6, 2007.
13 Allen Decl. ¶ 6.

14    Defendants, however, assert they informed plaintiff and his prior counsel of their intent on
15 February 22.  In a letter to Becker, defendants' counsel stated:

> As you know, Plaintiff's responses to both sets of Requests for Admission were untimely.  As you may also know, failure to timely respond to requests for admission results in <u>automatic</u> admission of the matters requested. [Citations omitted.] As such, any meet and confer on Plaintiff's objections and/or responses to these requests is unnecessary.  Of course, in the event Plaintiff acquires relief from the admissions, Defendants reserve the right to meet and confer at such time, and to bring any necessary motions to compel.

21 Borlund Decl. ¶ 3, Ex. 2.

22    Becker disagreed with defendants' assessment and "tried to dissuade [defendants' counsel] from
23 taking the position that the admissions were admitted, by suggesting that the Court would never agree
24 with Turner that Plaintiff's failure to timely respond resulted in deemed admissions."  Borlund Decl. ¶ 4.

25    Plaintiff filed this *ex parte* application to withdraw the admissions on July 17, 2007.

26    On July 20 defendants confirmed their intent to use plaintiff's admissions by saying they were
27 basing their proposed pretrial order on the presumption that plaintiff had admitted many key facts.
28 Opp'n to Pl.'s Ex Parte Mtn. to Continue Pretrial Dates [Doc. No. 76] (Opp'n) , p.2, ll.12-13.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 36(a) says that if a party fails to timely respond or object to a RFA the matter is deemed admitted. Under Rule 36(b), a court may permit a party to withdraw an admission when (1) the presentation of the action's merits will be subserved; and (2) the party that obtained the admissions will not be prejudiced in maintaining the action or defense on the merits. "[T]he rule seeks to serve two important goals: truthseeking in litigation and efficiency in dispensing justice." *Conlon v. U.S.*, 474 F.3d 616, 622 (9th Cir. 2007). Deeming RFAs admitted is a "severe sanction" reserved for parties that intentionally disregard Rule 36. *Asea, Inc. v. So. Pac. Transp. Co.*, 669 F.2d 1242, 1247 (9th Cir. 1981).

**Effect of the Admissions on the Case's Merits.**

The case's merits will be subserved "when upholding the admissions would practically eliminate any presentation of the merits of the case." *Hadley v. U.S.*, 45 F.3d 1345, 1348 (9th Cir. 1995).

Plaintiff argues that the RFAs directly pertain to his claims for copyright infringement, unfair competition/false advertising, unfair business practices, intentional interference with prospective economic advantage and trade libel. Defendants argue that the only claim-dispositive admissions go to federal copyright infringement, and that using the admissions will eliminate a meritless claim and allow plaintiff to try his remaining claims.

Here, while some RFAs appear to directly address the copyright claim, others relate to several of the other claims and defenses in this case. The Court cites to some of Tim Turner's RFAs as examples:

RFA 1:   Admit that Tim Turner can display his antique photo-style changing portraits using any mat.

RFA 10:  Admit that Defendant Turner used the font style identified in Request for Admission 16 on the launch of his website, www.theghoulishgallery.com, which went online nearly one month before you filed a word mark on September 30, 2004.

RFA 20:  Admit that at Haunt X, you made one or more comments to trade show attendees that Tim Turner was "a rip off artist," a "thief," and that Tim Turner "stole his ideas from us."

RFA 24:  Admit that you have not registered a copyright on any of the photographs used by Tim Turner in his antique photo style changing portraits.

In RFAs 1 and 10, for example, the admissions would relate to plaintiff's claims for unfair

competition and unfair business practices because they speak directly to plaintiff's consent to defendants' actions and defendants' acts of competing in the marketplace.  RFA 20 addresses defendants' counterclaim for defamation and could be dispositive of that counterclaim.  RFA 24 directly relates to the copyright infringement claim.  Deeming the RFAs admitted would effectively deprive plaintiff of the opportunity to put on evidence for most, if not all, his claims and defenses.

The Court finds that unless plaintiff is allowed to withdraw his admissions, his ability to present the merits of his claims and defenses will be subserved.

**Prejudice to Defendants.**

The requisite showing of prejudice under Rule 36(b) "relates to the difficulty a party may face in proving its case, for example by the unavailability of key witnesses in light of the delay." *Sonoda v. Cabrera*, 255 F.3d 1035. 1039 (9th Cir. 2001).  For example, the Ninth Circuit found only inconvenience, and not prejudice, where defendant–relying on plaintiff's admissions–did not conduct the "vigorous cross-examination" it could have done during plaintiff's deposition and could have prepared more extensively for trial. *Hadley*, 45 F.3d at 1349.

Plaintiff argues that defendants will not be prejudiced because they will not have the sudden need to obtain evidence relating to the admissions.  Plaintiff asserts he did serve responses, defendants deposed him twice and that they had an extra opportunity to discover information after their motion to compel.  Defendants argue they will be prejudiced because they relied on those admissions for more than six months and that because the discovery and motion cutoffs have already passed, they would have to reopen discovery or suffer without the benefit of discovery.

Here, plaintiff served his responses approximately three weeks before the discovery cutoff and two weeks before the first day of his deposition.  Defendants subsequently sought and obtained an extension of the discovery cutoff.  They only sought to resume plaintiff's deposition, which they did in May, four months after having received plaintiff's responses.  Defendants were apparently able to confirm plaintiff's admissions through his deposition testimony.[1]  Opp'n p.4, ll.3-14.  Defendants also

---

[1] Defendants state they only obtained this testimony because plaintiff wanted to "tell his story" on the record, which "is quite a different scenario" from seeking to develop it themselves.  Opp'n p.6 n.4. The Court does not distinguish the manner in which defendants obtained the testimony, and acknowledges that they obtained the information and had the opportunity to further develop it.

1  knew that plaintiff disagreed with their assessment that the RFAs were deemed admitted.  Borlund Decl.

2  ¶ 4.   The Court finds that because plaintiff responded to the RFAs, and because defendants had an

3  opportunity to conduct discovery on plaintiff's admissions and allegedly confirmed those admissions in

4  deposition testimony, they have no "sudden need" to conduct further discovery on the admissions, nor

5  will they be prejudiced by their inability to do so.

6  Further, defendants have sufficient time to prepare for trial.  They joined plaintiff's *ex parte*

7  request to continue the pretrial conference and related dates, which the Court granted.  This leaves

8  defendants one month to prepare the pretrial conference brief using the discovery they have already

9  obtained.  Defendants also have over two months to prepare for trial.  The Court finds that this timeline

10 does not support a finding of prejudice.

11 **Timeliness of Application to Withdraw Admissions.**

12 Defendants argue the Court should deny the application because of plaintiff's undue delay in

13 bringing it.  Given that the parties have approximately six weeks until the pretrial conference and two

14 months until trial, the motion to withdraw is not untimely.

15                                                                  **CONCLUSION**

16 For these reasons, the Court finds that permitting plaintiff to withdraw the amendments will

17 facilitate plaintiff's presentation of his claims and defenses.  The withdrawal will not prejudice the

18 defendants.  Accordingly, the Court **GRANTS** plaintiff's *ex parte* application to withdraw the

19 admissions and **DENIES** defendants' request to reopen discovery.

20      **IT IS SO ORDERED.**

21 DATED: July 26, 2007

22

23                                                                           _____
                                                                             Hon. Nita L. Stormes
                                                                             U.S. Magistrate Judge

24

25

26

27

28