1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| EDWARD ALLEN, an individual, | ) | Civil No. 06cv371 NLS |
| Plaintiff, | ) ) | **ORDER:** |
| v. | ) ) | **(1) DENYING WITHOUT PREJUDICE DEFENDANTS' MOTION IN LIMINE TO PRECLUDE PLAINTIFF FROM INTRODUCING AT TRIAL ANY DOCUMENTS NOT PRODUCED DURING PRETRIAL DISCOVERY [Doc. No. 89];** |
| THE GHOULISH GALLERY, an entity of unknown form; TIM TURNER, an individual, APRIL TURNER, an individual, and DOES 1 through 10, inclusive, | ) ) ) ) ) ) | |
| Defendants. | ) ) | |
| TIM TURNER, an individual, APRIL TURNER, an individual, dba THE GHOULISH GALLERY, | ) ) ) ) ) | **(2) DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION IN LIMINE TO ADMIT EVIDENCE OF HIS COPYRIGHT REGISTRATION FOR THE HAUNTED MEMORIES WEBSITE [Doc. No. 96];** |
| Counterclaimants, | ) ) | |
| v. | ) ) | **(3) GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION IN LIMINE TO PRECLUDE PLAINTIFF FROM INTRODUCING TESTIMONY AT TRIAL FROM ANY WITNESS NOT DISCLOSED DURING PRETRIAL DISCOVERY [Doc. No. 93];** |
| EDWARD ALLEN, an individual, | ) ) | |
| Counterdefendant. | ) ) ) | |
| | | **(4) GRANTING IN PART PLAINTIFF'S MOTION IN LIMINE TO INCLUDE FORMER EASTMAN KODAK EMPLOYEE ROY Y. TAYLOR AS A WITNESS [Doc. No. 98]; and** |
| | | **(5) GRANTING PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE TURNER'S BRUISE FROM BEING PRESENTED AS EVIDENCE AT TRIAL [Doc. No. 97].** |

**Defendants' Motion to Exclude Certain Documents.**

Defendants seek to preclude Plaintiff from introducing at trial any documents not produced during pretrial discovery.[1] [Doc. No. 89.]  Neither side, however, has described the documents sought to be excluded, explained their relevance, asserted the specific harm that would result from their admission or non-admission, or set forth any justification for the failure to timely produce the documents.  Without that information, the Court cannot rule on the admissibility of the documents at this time.  Therefore, the Court **DENIES without prejudice** Defendants' motion to exclude these documents and reserves ruling on the specific documents if and when they are sought to be introduced at trial.

At trial, Plaintiff should be prepared to explain the relevance of the documents, any substantial justification for why they were not timely produced and what harm would result to his case if they are not admitted.  Defendants should be prepared to assert any specific prejudice they would suffer if the Court considers the admissibility of those documents.

**Plaintiff's Motion to Admit a Copy of his Copyright Registration.**

Plaintiff seeks to admit evidence of his copyright registration for the Haunted Memories website. [Doc. No. 96.]  The Court finds this motion to admit evidence premature because aside from untimeliness, it has not considered any other potential objections to the document.

Plaintiff filed a reply for his motion in which he asks the Court to take judicial notice of the copyright registration.  While judicial notice of a copyright registration may be appropriate,[2] Plaintiff did not make his request with proper notice to Defendants and the Court will not consider it at this time.

The Court **DENIES without prejudice** Plaintiff's motion to admit proof of his copyright registration, and will determine whether and to what extent the certificate is admissible at the time of trial.  Plaintiff should be prepared at trial to provide substantial justification for not providing the certificate earlier.  Defendants should be prepared to inform the Court of how they will be prejudiced if the document is admitted and be able to respond to Plaintiff's request for judicial notice.

---

[1] Specifically, Defendants seek to exclude exhibit nos. 109-138, 141-142, 144, 147-150, 169, 204-209, 245, 252-271 and 273-274.

[2] *See Idema v. Dreamworks, Inc.*, 2003 WL 23095763, *1 (9th Cir. 2004) (taking judicial notice of copyright registration); *Au-Tomotive Gold, Inc. v. Volkswagen of Am., Inc.*, 457 F.3d 1062, 1064 n.2 (9th Cir. 2006) (taking judicial notice of registered trademarks).

**Defendants' Motion to Exclude Witnesses and Plaintiff's Motion to Allow Roy Taylor to Testify.**

Defendants seek to exclude testimony from nine witnesses–including Roy Taylor–because Plaintiff never disclosed the identity of these witnesses to Defendants until July 2007. [Doc. No. 93.] Plaintiff specifically seeks to include former Eastman Kodak employee Roy Taylor as a witness. [Doc. No. 98.]

Regarding all the late-disclosed witnesses except for Roy Taylor, Defendants will be prejudiced if these witnesses are allowed to testify because Defendants have not had the opportunity to depose these witnesses regarding their knowledge of the facts and issues of the case or prepare to cross-examine them for trial. Plaintiff never provided any justification for failing to disclose the identity of these witnesses earlier. Even though Plaintiff is now proceeding *pro se*, he was represented by counsel at the time the disclosures were due.

Regarding Roy Taylor, Plaintiff offers Taylor's testimony "to refute Defendant Tim Turner's claims of having Kodak produce lenticular changing portraits for him in 1990." Pl.'s Mot. In Limine p.2, ll.20-21. In other words, Plaintiff appears to offer Taylor's testimony to impeach Turner's testimony that he had Kodak produce lenticular changing portraits for him in 1990. The Federal Rules do not impose a duty to disclose the identity of impeachment witnesses. *See* Fed. R. Civ. P. 26(a)(3). Therefore, the Court will allow Taylor to testify solely as an impeachment witness and not for any other purpose.

Because the Court will not permit Sabrina Rabbach, Justin McElwee, Tony Gardner, Naren Desai, Officer Lance Kim, Graham Taylor-Letch, Kathryn Boddie-Lamb and Anthony Venuto to testify, and will allow Roy Taylor to testify only as an impeachment witness, the Court **GRANTS in part and DENIES** in part Defendants' motion to exclude testimony, and **GRANTS in part** Plaintiff's motion to include Roy Taylor but solely as an impeachment witness.

///
///
///
///
///

**Plaintiff's Motion to Exclude the "Bruise Photograph."**

Evidence of the alleged bruise Turner sustained does not appear to be relevant to any claims in the complaint nor to any of the crossclaims. Therefore, the Court **GRANTS** Plaintiffs' motion to exclude evidence of the bruise. The Court also cautions the parties that if they seek to introduce evidence regarding the alleged February 2006 altercation at the L.A.X. Hilton, the Court will apply the same reasoning and analysis in determining whether to admit any evidence concerning the altercation.

**IT IS SO ORDERED.**

DATED: September 26, 2007

_____
Hon. Nita L. Stormes
U.S. Magistrate Judge