# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD ALLEN, an individual,<br><br>        Plaintiff,<br>v.<br><br>THE GHOULISH GALLERY, an entity of unknown form; TIM TURNER, an individual, APRIL TURNER, an individual, and DOES 1 through 10, inclusive,<br><br>        Defendants.<br><br>TIM TURNER, an individual, APRIL TURNER, an individual, dba THE GHOULISH GALLERY,<br><br>        Counterclaimants,<br>v.<br><br>EDWARD ALLEN, an individual,<br><br>        Counterdefendant. | Civil No. 06cv371 NLS<br><br>**ORDER DENYING PLAINTIFF'S EX PARTE APPLICATION FOR THE COURT TO BE THE CUSTODIAN OF CERTAIN EVIDENCE**<br><br>[Doc. No. 137] |

This case came on for a bench trial October 1-5, 2007.  The Court entered judgment in favor of Plaintiff and against Defendant for two of Plaintiff's claims, against Plaintiff and in favor of Defendant for Plaintiff's remaining claims, and in favor of Plaintiff and against Defendant for Defendant's counterclaims.  At trial, the Court admitted the journal of Defendant's mother as an exhibit (Trial Ex. 180-6), but did not give weight to the journal entries because the journal's author did not testify, the handwriting of some of the relevant entries appeared to differ and the Court could not discern the date of the last relevant entry.

Plaintiff suspects that the journal is forged and now asks this Court to preserve the original journal for use in future proceedings, including an alleged pending action in California Superior Court for malicious prosecution against Defendant and his attorneys.  Defendant does not oppose the Court maintaining the journal in its custody, but asks that it be available for a possible deposition of Defendant's mother and for inspection by any of Defendant's retained experts for use in other proceedings.

Plaintiff has not set forth any compelling reason for the Court to grant his request.  First, he asks that this Court maintain the journal for litigation that would be subject to the jurisdiction of another court.  Second, according to Local Civil Rule 79.1, it is  Defendant's counsel's responsibility to maintain the journal for use in any future proceedings.  This Court has no reason–and no authority–to maintain custody of the journal while Plaintiff pursues claims involving the journal in another court.  Therefore, the Court **DENIES** Plaintiff's ex parte application.

Plaintiff shall arrange to retrieve from the Clerk's office the original exhibit binders and frame he provided to the Court, and Defendant shall arrange to retrieve from the Clerk's office the journal and framed portraits he provided to the Court as exhibits, by ***January 11, 2008***.

**IT IS SO ORDERED.**

DATED: December 21, 2007

_____
Hon. Nita L. Stormes
U.S. Magistrate Judge