**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| EDWARD ALLEN, an individual, <br><br> Plaintiff, <br> v. <br><br> THE GHOULISH GALLERY, an entity of unknown form; TIM TURNER, an individual, APRIL TURNER, an individual, and DOES 1 through 10, inclusive, <br><br> Defendants. <br><br> TIM TURNER, an individual, APRIL TURNER, an individual, dba THE GHOULISH GALLERY, <br><br> Counterclaimants, <br> v. <br><br> EDWARD ALLEN, an individual, <br><br> Counterdefendant. | Civil No. 06cv371 NLS <br><br> **ORDER ASSESSING ATTORNEY'S FEES AGAINST PLAINTIFF AND ADDITIONAL FINDINGS OF FACT AND CONCLUSIONS OF LAW** |

/ / /

/ / /

/ / /

/ / /

/ / /

**I.      Calculation of Attorney's Fees Award.**

On February 19, 2008, the Court granted Defendants' motion to recover attorney's fees based on Defendants' successful defense of the copyright claim. The Court found that Plaintiff's copyright claim based on the "Haunted Memories Changing Portrait Website" was frivolous and objectively unreasonable. It also found that awarding fees would advance considerations of compensation and deterrence.

As permitted under Federal Rule of Civil Procedure 54(d)(2)(C), the Court determined liability for attorney's fees before receiving submissions regarding the amount of such fees. The Court then ordered Defendants to provide a redacted version of their bills in this case that included an itemization of the date, hours and nature of the work performed so that Plaintiff would have the opportunity to challenge the accuracy and reasonableness of the hours charged. Defendants filed the redacted bills. Plaintiff filed a supplemental opposition.

The calculation of a reasonable fee award is a two-step process. *See Lytle v. Carl*, 382 F.3d 978, 988 (9th Cir. 2004). First, the court must calculate the "lodestar figure" by taking the number of hours reasonably expended on the litigation and multiplying it by a reasonable hourly rate. *Id.* Taken into account in either the reasonable hours component or the reasonable rate component of the lodestar calculation are: "(1) the novelty and complexity of the issue; (2) the special skill and experience of counsel; (3) the quality of the representation; (4) the results obtained; and (5) the contingent nature of the fee agreement." During the second step the court, in its equitable discretion, adjusts this amount "on the basis of other considerations." *Id.* The district court has great deal of discretion in determining the reasonableness of the fee." *Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir. 1992).

**A.      Reasonable Hourly Rate.**

A reasonable hourly rate is calculated according to the prevailing market rates in the relevant community. *Sorenson v. Mink*, 239 F.3d 1140, 1145 (9th Cir. 2001). The community where the court sits is the relevant market for determining reasonable fees. *Gates*, 987 F.2d at 1405.

Arent Fox LLP and its predecessor firm, O'Brien Abeles LLP, have been Defendants' counsel of record since this matter started in March 2006. Borlund Decl. ¶ 7. The invoices that Defendants submitted and the accompanying declarations show that the hourly rates billed in this matter range from

1  $125 to $430.  Supp. Borlund Decl. Ex. A.  While the four attorneys who primarily worked on this case
2  worked 1,110.86 hours for this matter, they billed for 1,018.16 hours.  Supp. Borlund Decl. ¶ 4.  Further,
3  the firm cut its own fees by reducing the attorneys' normal hourly rates and by extending, on occasion, a
4  courtesy discount.  Borlund Decl. ¶ 8; Supp. Borlund Decl. Ex. A ($2000 courtesy discount on 4/27/06).

5        Amy Borlund, the lead associate on this case, billed for over half the total hours billed.  Supp.
6  Borlund Decl. ¶ 4.  Ms. Borlund graduated from UCLA School of Law in 1999 and has more than eight
7  years experience practicing law.  Borlund Decl. ¶ 11.  She focuses her practice on business litigation and
8  acted as first or second chair attorney in three trials over the past year.  Borlund Decl. ¶ 11.  Ms. Borlund
9  normally bills at an hourly  rate of $345, but all her hours were billed at the reduced hourly rate of $240.
10 Borlund Decl. ¶ 8.

11       Jerrold Abeles is a partner with Arent Fox.  Borlund Decl. ¶ 9.  He billed over one quarter of the
12 hours billed in this case.  Supp. Borlund Decl. ¶ 4.  He graduated from USC Law Center in 1988 and has
13 practiced law for 19 years.  Borlund Decl. ¶ 9.  Mr. Abeles has served as first or second chair or the sole
14 attorney on 10 trials and arbitrations.  Borlund Decl. ¶ 9.  He practices primarily in commercial and
15 business litigation, business torts, intellectual property, insurance and real estate disputes.  Borlund
16 Decl. ¶ 9. Mr. Abeles standard billing rate is $425, but most of the hours he worked on this case were
17 billed at the reduced hourly rate of $295.

18       Bela Lugosi, of counsel for Arent Fox, is a 1964 graduate of USC Law Center and has practiced
19 law for over 40 years.  Borlund Decl. ¶ 10.  He billed for approximately one eighth of the total hours
20 billed in this case.  Supp. Borlund Decl. ¶ 4.  Mr. Lugosi focuses his practice in the areas of intellectual
21 property, entertainment, licensing and business law.  Borlund Decl. ¶ 10.  He has served as lead or co-
22 lead counsel in several trials and has argued three cases before the California Supreme Court.  Borlund
23 Decl. ¶ 10.  While Mr. Lugosi's standard hourly billing rate is $400, he billed all his hours in this case at
24 the reduced hourly rate ranging from $295 to $315.  Borlund Decl. ¶ 4.

25       Jennifer Terry is an associate with Arent Fox who graduated from Hastings College of Law in
26 1998.  Borlund Decl. ¶ 11.  She billed for for approximately one eighth of the total hours billed in this
27 case.  Supp. Borlund Decl. ¶ 4.  Ms. Terry practices business litigation.  Borlund Decl. ¶ 11.  Her
28 standard hourly billing rate is $345, but for this case she billed at the reduced hourly rate of $240.

1      Two other attorneys who worked on this matter contributed less than 13 hours of billed time.
Supp. Borlund Decl. ¶ 5.  Paralegals worked for a total of 72.5 hours but billed Defendants for only 56.1 of those hours.  Supp. Borlund Decl. ¶ 5.

     Plaintiff does not oppose the reasonableness of these hourly rates.  Nonetheless, this Court has considered the reasonableness of the hourly rates, and finds that given the complexity of the claims at issue, and Defendants' counsels' special skill and experience, quality of representation and results obtained, the hourly rates Defendants' counsel charged are reasonable.

### B.    Hours Reasonably Expended.

     Defendants provided the declarations of Amy Borlund as evidence of the hours reasonably expended on this case.  Ms. Borlund explained that her firm spent more than 1,000 hours working on this matter through the pre-answer, discovery, trial preparation, trial and post-trial phases for this case. *See* Borlund Decl. ¶¶ 12-17; Supp. Borlund Decl. ¶ 4.  According to Ms. Borlund, counsel billed a total of $266,441.31 in fees from March 2006 through January 2008.  While privileged information was redacted, the provided invoices evidence this amount.  Defendants estimate that they devoted 25% of their efforts in this litigation to defending Plaintiff's claim for copyright infringement.  They prevailed on that claim and this Court found that they are entitled to an apportionment of fees for successfully defending the claim.

     In his supplemental opposition, Plaintiff complained that the billing entries were so redacted that he could not provide a meaningful response to them.  He also argued that Defendants should only be entitled to fees on the portion of the case for which they were the prevailing party.  He points out that the billing statements do not segregate work done for the complaint or counterclaim, and that this Court thus cannot determine the appropriate apportionment of fees "without rampant speculation."  He asks that the Court reconsider its ruling that Defendants are entitled to fees because, he argues, Defendants have not produced sufficient evidence to allow for "a critical analysis of the claims for fees."  In the alternative, Plaintiff asks that this Court order Defendants to re-submit their bills and redact only information that is necessary to protect legitimate privileges.  He asks that the Court conduct then compare *in camera* this new filing with an unredacted version of the bills, so that it can determine the legitimacy of the privileges asserted in the redacted bills.  The Court rejects these proposals as it finds

ample support in the record to award the fees Defendants request.

Defendants have met the burden of establishing the reasonableness of their fees with the redacted invoices. While Plaintiff claims the invoice entries lack sufficient specificity due to the redactions,

> "[Defendants'] counsel . . . is not required to record in great detail how each minute of his time was expended." *Trs. of Dirs. Guild of Am.-Producer Pension Benefits Plans v. Tise*, 234 F.3d 415, 427 (9th Cir. 2000) (quoting Hensley, 461 U.S. at 437 n.12). Although the time descriptions are minimal, they establish that the time was spent on the matters for which the . . . court awarded attorneys' fees. *Id.* at 415 (counsel need only "identify the general subject matter of [their] time expenditures.").

*Lytle v. Carl*, 382 F.3d 978, 988 (9th Cir. 2004). This Court finds that the record of Defendants' invoices and Ms. Borlund's supporting declarations sufficiently explain counsel's work on the matter. Further, given the largely-reduced hourly rates charged, experience of counsel, non-duplicative staffing and courtesy discounts, Defendants have made "a good faith effort to exclude excessive, redundant, or otherwise unnecessary hours from [their] fee request." *See Hensley*, 461 U.S. 424, 434 (1983).

Finally, Defendants' 25% apportionment of fees is a reasonable estimate of the time allocated to defending the copyright claim. Plaintiff primarily focused on the copyright issue and devoted substantially more attention to that claim alone than to the combination of his remaining claims and defenses. For example, in his pre-trial brief Plaintiff devoted over eleven pages to his copyright claim and used less than seven pages to discuss his remaining five claims. In his post-trial brief, Plaintiff spent over six pages discussing his copyright claim while he spent less than nine pages discussing his other five claims in the complaint. In its ruling, the Court spent over seven pages addressing Plaintiff's copyright claim and devoted approximately seventeen pages to discuss the remaining eleven claims and counterclaims. This Court finds that there is ample evidence in the record to support the 25% apportionment of fees to Defendants' successful defense of the copyright claim.

Defendants' request for fees is **GRANTED** in the amount of **$66,610.33**, which is 25% of $266,441.31. Plaintiff is **ORDERED to remit this amount directly to Defendants' counsel within 30 days of the date of this Order.**

/ / /

/ / /

**II.     Facts and Law Supporting Order for Attorney's Fees.**

Under Fed. R. Civ. Proc. 54(d)(2)(C), the Court must enter findings of fact and conclusions of law pursuant to Rule 52(a) for a ruling on a motion for attorney's fees.  These additional findings of fact and conclusions of law are hereby incorporated into the Court's amended judgment.

    **A.     Additional Findings of Fact.**

        1.  Plaintiff did not identify or produce any evidence of an actual copyright in the "Haunted Memories Changing Portrait Website" during discovery.

        2.  Plaintiff produced only minimal evidence of his claimed copyright on the fourth day of a five-day trial.

        3.  The evidence Plaintiff produced to support his copyright was unavailing and did not raise a debatable issue of law or fact.

        4.  Defendants prevailed on Plaintiff's claim for copyright infringement.

        5.  Plaintiff's actions forced Defendants to incur substantial cost, time and effort to defend the copyright claim.

        6.  Plaintiff has threatened Defendants and their counsel with other litigation.

        7.  Defendants' counsel is experienced in matters such as the ones that were at issue in this case.

        8.  Defendants' counsel charged reduced hourly rates for most of their work.

        9.  Defendants' counsel worked on this matter from the time Defendants were brought into the lawsuit all the way through post-trial proceedings.

        10. Plaintiff focused more on his copyright claim than on the combination of his remaining claims and defenses.

    **B.     Additional Conclusions of Law.**

        1.  Plaintiff's copyright claim was frivolous.

        2.  Plaintiff's copyright claim was objectively unreasonable.

        3.  A fee award is warranted to advance the consideration of compensation.

        4.  A fee award is warranted to advance the consideration and deterrence.

        5.  Defendants' counsels' hourly rates are reasonable.

6. Defendants' total amount of incurred attorney's fees are reasonable.

7. Twenty-five percent of Defendants' total fees are reasonably allocated to Defendants' defense of the copyright claim.

By a separate Order to filed contemporaneously with this Order, the Court will amend the judgment so as to reflect the imposition of attorney's fees.

**IT IS SO ORDERED.**

DATED: March 24, 2008

*/s/ Nita L. Stormes*
Hon. Nita L. Stormes
U.S. Magistrate Judge